## Woodford v. Commonwealth.

(Decided March 8, 1935.)

ELMER DRAKE and BRADLEY COMBS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

From a sentence of death imposed upon him for the murder of J. M. Anderson, Woodford has appealed. This account of the homicide is copied from his testimony:

"On November 5th, 1933, I did not have any money, and I needed some money to get me some winter clothes. I had met Anderson up there, and had ridden on his car for the last two years, and I knew

that he probably would have some money on the car on the late run, and I decided to hold him up. I thought he would have about ten dollars or more on him. I thought if he had the money and I would tell him to stick them up, he would put up his hands and give me. the money. He did not do it, as I expected him to, but I never went to kill him. When he stopped the car to change the trolley I got on the car, and told him to stick 'em up. I put my money in the box and I had my gun in my pocket and I said to him, 'stick 'em up.' He just smiled and backed toward the door and I closed the door and I was against the side of the car. He grabbed at the gun and I jumped back and my arm hit the door and the gun went off, but I never pulled the trigger on him. After the bullet hit him he turned and started for the other side of the car over near the cash box and I thought he was going to get a gun or something. I did not try to get the door open again. I just went to the window near the front end there and kicked the glass out and got out of the window and went down Price's Road. Then I went back to Palm Gardens. When I got back there I went to bed. The next morning Mr. Maupin and Mr. Joe Harrigan came out and arrested me.''

His sole contention upon this appeal is that he had no intention to kill Anderson and that his conviction is contrary to the evidence. There is no way for the commonwealth to show what his intention was except by showing something he said or did; but when it showed his purchase of this Colt's automatic pistol, his familiarizing himself with its use, it was easily inferable that he intended to use it for the purpose for which he did use it, which was to kill if he thought it necessary, and he did. He testifies he had figured out and planned to rob Anderson two or three days before; that he had his pistol in his hand with his finger on the trigger and had a handkerchief tied over his face; but when Anderson tried to grab his gun he got nervous, stepped back, his arm struck the door, and the pistol fired. He claims to have planned one crime and in its attempted doing he unintentionally did another. Other men have made such pleas without success. See Tincher v. Com., 253 Ky. 623, 69 S. W. (2d) 750; Glenday v. Com., 255 Ky. 313, 74 S. W. (2d) 332.

The court gave eight instructions which covered every phase of the case, homicide with previous malice, without previous malice, reckless use of a deadly weapon, careless use of a deadly weapon, accidental homicide, presumption of innocence, direction to find defendant guilty of lesser offense if in doubt as to degree only, and it defined the terms used. No complaint is made, or could be made, on that score, and the jury in its discretion has inflicted upon the defendant the severest penalty known to the law, which under the law and the evidence we cannot disturb.

Judgment affirmed.